791 So.2d 895 (2001)
Willie Lee WILLIAMS, Appellant
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01064-COA.
Court of Appeals of Mississippi.
July 31, 2001.
*896 Richard Earl Smith Jr., Vicksburg, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris Jr., Jackson, Attorney for Appellee.
EN BANC.

*897 ON MOTION FOR REHEARING

McMILLIN, C.J., for the Court:
¶ 1. The motion for rehearing is granted. The original opinion is withdrawn and the following is substituted.
¶ 2. Willie Lee Williams has appealed to this Court from his conviction on two felony counts in a single trial conducted in the Circuit Court of Warren County. The counts were for aggravated assault and kidnaping. Williams alleges two reversible errors in the conduct of his trial. First, he would have us conclude that the trial court erred in denying his motion to sever the two counts in the indictment. Secondly, he alleges that he received ineffective assistance of counsel, thereby denying him rights guaranteed under the Sixth Amendment of the Constitution of the United States. We find these issues to be without merit and, therefore, affirm Williams's convictions.

I.

Facts
¶ 3. Williams shot and wounded Glenda Davis, a woman with whom he had been romantically involved, while she was at her place of employment in a convenience store in the City of Vicksburg. The episode was captured on the store's security videotaping system and the tape was received into evidence and played for the jury. Williams does not deny that he shot Davis. Rather, he claims only that he has no recollection of the specific moments that preceded the shooting. He does concede that he is conscious of standing over a wounded Davis with a gun in his hand.
¶ 4. After Davis was shot, through a combination of threatening and cajoling by Williams, she was persuaded to enter Williams's car. At times, according to Davis, Williams was threatening to take her to another location to finish the job he had begun in the convenience store by ending her life. At other times, he was promising to take Davis to a nearby hospital so that her wounds could be treated. When Williams drove past the appropriate route to the hospital and, instead, began up the entrance ramp to a limited access interstate highway, Davis either escaped from the vehicle or was shoved out by Williams in the course of a scuffle for possession of the gun. In either event, Davis then managed to approach a police vehicle in the area and was taken for medical treatment. Williams, for his part, fled alone in his car to the State of Louisiana where he was subsequently apprehended.
¶ 5. The act of shooting Davis in the store gave rise to the aggravated assault charge and the act of taking Davis in the vehicle against her will on a course other than to the hospital to receive medical attention gave rise to the kidnaping count. Davis was convicted of both counts.

II.

Severance
¶ 6. Williams did not file a pretrial motion to sever. Rather, during the early stages of jury selection, Williams (and not Williams's trial counsel) asked the court to try the two charges separately. The trial court summarily denied the request and that denial is now asserted to be reversible error.
¶ 7. By statute, the State is permitted to try multiple counts in the same proceeding in those instances where "the offenses are based on the same act or transaction ... or ... are based on two (2) or more acts... connected together...." Miss.Code Ann. § 99-7-2 (Rev.2000). In Blanks v. State, the Mississippi Supreme Court considered a claim that Blanks should have been granted a severance on two felony counts arising out of a shooting incident *898 involving two separate victims. Blanks v. State, 542 So.2d 222, 226 (Miss.1989). The supreme court, using language indicating that it construed the word "transaction" to be synonymous with "episode or event," declined to find error in the trial court's denial of a severance motion. Blanks, 542 So.2d at 226. We find the facts of the case now before us that support the assault charge and the kidnaping charge to be so intertwined and overlapping that we have little doubt that they constituted one episode or event within the meaning of the Blanks decision. We, therefore, decline to find error in the trial court's decision to deny Williams's belated attempt to sever the two charges for trial.

II.

Ineffective Assistance of Counsel
¶ 8. Williams claims that his counsel was woefully ineffective in that the attorney (a) failed to subpoena witnesses who were critical to the defense, and (b) effectively confessed Williams's guilt to the aggravated assault charge.

A.

Failure to Subpoena Witnesses
¶ 9. A review of the record reveals quite clearly that Williams was not pleased with the services of his attorney. Prior to trial beginning, Williams complained to the trial court that his counsel had not obtained the presence of several witnesses that he felt were vital to his defense of the charges. The trial court conducted an on-the-record inquiry into who these witnesses were and what probative evidence they might have on the issue of Williams's guilt. Essentially all of these potential witnesses as reported by Williams would have been called to attack the victim's credibility by testifying that Davis had repeatedly filed false charges against Williams in conjunction with a dispute they were having over her child believed to have been fathered by Williams. It is entirely unclear from reviewing the record whether, in fact, these people possessed the knowledge Williams claimed they had or how they came to know the alleged facts. Defense counsel reported that, as to several of them, he had caused interviews to be conducted and determined that they had no information useful to the defense.
¶ 10. Additionally, as a matter of trial strategy, defense counsel had sought to limit the admissibility of evidence of other difficulties between Williams and Davis under Mississippi Rule of Evidence 404, on the notion that the information would tend to prejudice Williams in the eyes of the jury. Permitting the jury to learn of these previous incidents in the hope that the jury could be persuaded that Davis invented or distorted the facts in order to impeach her credibility would have effectively negated any attempt to limit the jury's knowledge of the stormy nature of the couple's relationship and would have been, at best, a rather risky bit of trial strategy. In matters of forming trial strategy, defense counsel is necessarily afforded substantial latitude. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). We are not persuaded, on the record now before us, that trial counsel's decision to forego a strategy designed to impeach the prosecutrix's testimony at the risk of exposing the jury to substantial information regarding prior conflicts between her and the defendant evidenced such ineptitude on the part of the attorney as to render his performance constitutionally sub-par.
¶ 11. Despite these considerations which militate against a finding of ineffective assistance of counsel, we concede that, in the absence of more detailed information as to what these uncalled witnesses *899 might have provided, there remains, at least arguably, some basis of inquiry as to whether defense counsel's failure to pursue this defense strategy might have affected the outcome of the trial. However, such inquiry would necessarily involve further factual inquiries that would be inappropriate in a direct appeal taken at the conclusion of the case. We, therefore, conclude that the better practice in these circumstances is to deny relief in this direct appeal, but without prejudice to Williams's right to pursue essentially the same relief in a post-conviction-relief proceeding. In such a proceeding, Williams would have an opportunity to submit affidavits from these potential witnesses as to what their testimony would actually be. This would permit the trial court to more accurately assess the damage, if any, done to the defense by counsel's failure to subpoena these witnesses for trial. Read v. State, 430 So.2d 832, 839 (Miss.1983).

B.

Confession of Guilt
¶ 12. The Mississippi Supreme Court, in Faraga v. State, essentially said that, no matter the overwhelming nature of the evidence of the defendant's guilt, an attorney is ineffective if he concedes his client's guilt of the charge in the indictment to the jury. Faraga v. State, 514 So.2d 295, 308 (Miss.1987). Williams claims that his attorney, in both opening statement and in summation, conceded his guilt to the charge of aggravated assault, thereby rendering his performance constitutionally ineffective under the Faraga decision. We find no support for that argument in the Faraga case. Faraga involved only one count, that being a charge of capital murder. Id. at 296. Faraga's counsel, in hopes of avoiding a capital murder conviction, conceded to the jury that Faraga was probably guilty of simple murder, which carried a lesser penalty. The supreme court, while condemning the practice of conceding guilt to the charged crime, specifically approved defense counsel's concession of probable guilt of a lesser-included-offense though the ploy ultimately proved unsuccessfulas a legitimate trial tactic in the face of overwhelming evidence of guilt, the purpose of which was to try to lessen the defendant's maximum potential punishment. Id. at 308.
¶ 13. The court's reasoning in Faraga is understandable from a logical point of view. There simply can be no tactical advantage gained for the defendant by admitting his guilt to the only charge put before the jury. However, a trial tactic intended to lessen the defendant's maximum punishment in those instances where conviction seems likely does offer some hope of benefit to the defendant. In the case now before us, Williams faced possible conviction for both aggravated assault and for kidnaping. The maximum sentence for aggravated assault was twenty years, and the maximum sentence for kidnaping was thirty years. Miss.Code Ann. §§ 97-3-7, 97-3-53 (Rev.2000).
¶ 14. Beginning with the fact that there existed a videotape of the shooting that constituted the aggravated assault and that this count carried the lesser sentence, it could be argued that a viable trial strategy existed to attempt to win some measure of favor with the jury by candidly conceding the overwhelming nature of the evidence of guilt on this count. The potential advantage would be that the jury, in reaction to such a forthright concession, might give more credence to Williams's assertion that the automobile journey was not to kidnap Evans but to get her to a hospital to receive needed medical treatment. To say that such a ploy was perhaps an act of near desperation on the part of defense counsel does not, of itself, make *900 it an act of incompetency. Rather, it merely points out the almost hopeless situation in which defense counsel found himself in attempting to fashion a viable defense for Williams. Neither does the fact that the strategy failed to make defense counsel's performance constitutionally defective.
¶ 15. In United States v. Gomes, a case decided by the United States Court of Appeals for the First Circuit, Gomes was tried on a number of counts relating to drug trafficking. United States v. Gomes, 177 F.3d 76, 78 (1st Cir.1999). In closing argument, Gomes's counsel unequivocally admitted his client's guilt to one of the counts in an attempt (which was ultimately unsuccessful) to contrast the evidence on that count with the prosecution's evidence on the other charges. Id. at 83. Gomes claimed this confession of guilt amounted to ineffective assistance of counsel. Id. Noting that the evidence on that count was overwhelming, the First Circuit called defense counsel's strategy a "calculated gamble" but nevertheless "patently a reasonable strategy" to seek to avoid conviction on the remaining counts and refused to find the attorney's performance ineffective. Id. That is substantially the same situation that is now before this Court and we can discover no reasoned basis to reach a result different from that of the First Circuit.
¶ 16. For the foregoing reasons, we decline to find defense counsel's statements to the jury, acknowledging the existence of evidence that was essentially beyond dispute and for which the defense could offer no exculpatory explanation, to be such ineffective assistance of counsel as to require us to set aside this conviction.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT WITH A FIREARM AND SENTENCE OF TWENTY YEARS, AND COUNT II, KIDNAPING AND SENTENCE OF FOUR YEARS, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SAID SENTENCES TO RUN CONSECUTIVELY, IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
SOUTHWICK, P.J., PAYNE, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR. BRIDGES, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J.
BRIDGES, J., Dissenting:
¶ 18. While I agree with the majority in its findings regarding the issue of severance, I disagree with the majority's decision regarding the issue of ineffective assistance of counsel, and therefore I must respectfully dissent. Williams claims he was denied effective assistance of counsel because his attorneys did not put on a defense to the aggravated assault charge and even admitted his guilt of this charge in opening statements. I find this conduct on the part of Williams's counsel to be contrary to accepted views of effective counsel, going beyond the realm of strategy and overcoming the presumption of reasonable assistance.
¶ 19. Williams did not plead guilty to the charge of aggravated assault, but his attorneys's strategy in opening statements seemed to plead guilty for him. If Williams had pled guilty to the charge of aggravated assault, then his attorney could have used this fact in his opening in a way quite similar to the way he spoke of Williams's guilt in this case. He could have used the admission of guilt to win over the jury. However, there is a difference *901 in doing this when your client has pled guilty and when he has not pled guilty. By doing this when the client has not pled guilty, the attorney is in essence taking away the right to trial of his own client.
¶ 20. While it can hardly be said that admitting to a client's guilt is a good thing for counsel to do, there are some instances when it has been considered accepted strategy. However, these cases are very different from the one we have here today. In the case of Faraga v. State, 514 So.2d 295, 308 (Miss.1987), the Mississippi Supreme Court held that "[w]hen proof of certain facts is overwhelming, however, an attorney may find it strategically prudent to concede such facts while still denying that his client is guilty of the crime charged in the indictment." Faraga, 514 So.2d at 308. This is not what Williams's counsel did. By conceding to the prosecution the claim of aggravated assault, counsel did not simply admit certain facts, he admitted to the charge itself. There is quite a difference between conceding facts upon which a charge can be based and conceding to the charge itself. By doing one, you admit to certain facts the prosecution might be able to use to show prima facie evidence of the offense. By doing the other, you admit to the charge itself, admitting guilt and waiving any defense available to the charge. The evidence here was certainly heavy, but according to Faraga, even in the face of overwhelming evidence, a defense attorney is still supposed to deny guilt of the crime. Id. at 308. That is not what Williams's counsel did, and that is why their representation was defective.
¶ 21. The majority in this case tries to distinguish this case from the law espoused by the Mississippi Supreme Court in Faraga by stating "it could be argued that a viable trial strategy existed to attempt to win some measure of favor with the jury by candidly conceding the overwhelming nature of the evidence of guilt on this count." What the majority fails to remember is that while aggravated assault may have a lesser sentence than kidnapping, it is a separate count not a lesser-included-offense of kidnapping.
¶ 22. In Faraga, the defendant was charged with capital murder, and counsel for the defense admitted guilt to simple murder in an effort to prevent the defendant's conviction for capital murder. Faraga, 514 So.2d at 308. Simple murder is a lesser-included-offense of capital murder. In the case at bar, if defense counsel had admitted guilt to the lesser-included-offense of simple assault, simple domestic violence, or aggravated domestic violence that would have been in keeping with what is considered effective assistance in Faraga. However, that is not what counsel did. Counsel in this case, instead of admitting guilt to a lesser-included-offense, admitted guilt to an entirely different count. By claiming this view is in keeping with Faraga, the majority holds that admitting guilt to a lesser-included-offense is the same as admitting guilt to a separate count. Thus the majority, in effect, changes the law. The majority seeks to justify its decision to change the law by relying on a case from the First Circuit. I do not believe it is this Court's place to change or make the law. That is the province of the Mississippi Supreme Court, and it should be left to them.
¶ 23. According to Strickland v. Washington, a defendant must prove both prongs of the test to show ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). I believe Williams has succeeded in proving his representation was defective, and therefore the next step is to look to see if Williams has succeeded in showing the defective representation of *902 counsel prejudiced Williams's defense such that it undermined confidence in the whole proceeding. Id. at 694. It is my opinion that Williams has succeeded in proving this. The defective act of Williams's attorneys could very easily prejudice a jury against Williams.
¶ 24. The evidence against Williams was great, but perhaps of greater influence was that Williams's attorneys as much as admitted to Williams's guilt before the evidence was presented. The jury was told at the very beginning by both sides that Williams was guilty and was allowed to form an opinion that Williams was guilty before any proof was presented. This presents a high level of prejudice to Williams and, in my opinion, satisfies the second prong of the ineffective assistance of counsel test as set out in Strickland. I do not think this burden is overcome easily, but such conduct as Williams's counsel showed in this case is sufficient reason to find prejudice. Therefore, having met the two prongs of the Strickland test, I believe Williams has succeeded in proving he had ineffective assistance of counsel during the course of his trial.
KING, P.J., JOINS THIS SEPARATE OPINION.